Harry B. Frank, J.
The defendant city here seeks a protective order on the ground of privilege to excuse it from the requirement of producing the report and minutes of a Board of Inquiry held by the Department of Buildings.
The plaintiff has brought this action seeking to recover damages against the builder and owner of a building which collapsed while under construction. The city is also a defendant for its alleged negligence in examining, inspecting and approving the plans and the building while under construction.
Following the collapse, the city’s Department of Buildings convened a Board of Inquiry to investigate the incident and render a report. The protective order is sought against the plaintiff’s demand that the proceedings before, and the report of, the board be produced at the taking of the city’s deposition. Quite properly the city does not object that the material sought is not relevant — it clearly is. We are presented on this motion with only one narrow question: does the city enjoy a privilege barring the production of the material?
At the outset it should be recognized that there are two broad categories of privilege which may be asserted by a government. The first is that which protects the government’s own operations from public view. In this category, for example, fall protections to prevent disclosure of national security information, diplomatic negotiations or police activities. They are each necessary to protect the integrity of governmental operations and they each protect governmental information which hy reason of the very nature of the activity, per 'se, requires s'ecreety. These protections all derive from the common law, exist to ensure effective governmental operation, and have been emplaced, developed and applied by the courts. They are subject, on a case-by-case basis, to scrutiny by the courts. While this category of privilege has been granted by judicial precedent, it is never granted on mere assertion of the privilege by the government. The courts have always examined into the assertion and on a ease-by-case basis determined its validity in the ease at hand, weighing the need for secrecy against the need for the information.[1]
*496 The second category of privilege for the government has the same general broad purpose: efficiency of governmental operations. The thrust of the protection is different, however. In this area, the protection, though asserted by governmental privilege, is actually afforded to persons who have given information to the government. The privilege is granted in order to encourage the volunteering of information and ensure truthful and full disclosure to the government. With but two exceptions, criminal informer and grand jury testimony, this category of privilege is available only where it has been specifically afforded by statute.
The statutory protections are of 3 types: (1) privacy for reports filed or information furnished; (2) prohibition against disclosure by the governmental agency, with or without agency discretion to modify the prohibition; and (3) absolute prohibtion against disclosure or use in any civil or penal litigation with or without agency discretion to modify the prohibition. Numerous examples of these categories of privilege may be found in the statutes of New York State and of the United States.[2]
In assessing the validity of the assertion of governmental privilege it is necessary in the first instance for the court to determine in which of the two areas the information sought to be protected lies. If in the first, i.e., protection of governmental operations and information, the court must assess the need for *497 the information against the government’s need for secrecy.[3] If the information lies in the second area, i.e., protection of the confidentiality 'of persons furnishing information to the government, the tests and standards are entirely different.[4] The statutes which afford the protection are the same which enabled the government to obtain the material to be protected. The court will have no need, then, to examine the material itself (other than to determine, if disputed, that the information was obtained by the government pursuant to a statute which affords a privilege). The only issue for the court will be to interpret the statute to determine the extent and nature of the privilege.
In the instant case, the city claims no inherent secrecy for the information sought. In fact, in support of its application it states: “ In order to perform its function, often there must be assurances given to prospective witnesses that their testimony will be treated as confidential; in order to elicit information which might otherwise not be forthcoming, or as to which constitutional protection may be claimed by such witnesses.”
The information sought here clearly falls then within the second area of protection. Nowhere has there been found, nor suggested to this court, any precedent for the proposition that absent the statutory grant an administrative agency may on its own authority give “ assurances * * * to prospective witnesses that their testimony will be treated as confidential ”, or may not be used against them in order to obtain their waiver of the Fifth Amendment. To the contrary, under the rules of statutory construction, the many instances (see footnote 2) of the statutory grant of privilege coupled with the power to obtain information demonstrate the Legislature’s intention to retain the exclusive power to afford a privilege protecting those who, in response to compulsion or request, furnish information.
Judicial intervention in this second area of privilege (i.e., protection of communicants to the government) is limited to deter *498 mining the presence and scope of the statutory grant. Just as the power to obtain the information is a grant determined by the Legislature, so the manner in which that power is to be used, is also 'to be determined by the Legislature.- The lack of privilege in an agency’s enabling statute is not an invitation for the court to act, but when viewed in the light of those many statutes which do confer a privilege, an indication that no privilege is to be afforded.
Since this case falls within the area requiring a statutorily granted privilege and since the city has not cited any statute affording the privilege claimed and the court has found none, this motion must be denied. The malterial requested shall be produced within 30 days after service of a copy of this decision-order with notice of entry.

. It is enlightening in this connection to note the regulations of the United States Department of Justice which were in effect for a number of years prior to passage of the Freedom of Information Act (U. S. Code, tit. 5, § 552). They are not otherwise published, but are found at Moore’s Federal Practice (4th ed., *496 vol. 4, p. 1163, n. 12). Inter alia, they provide that upon service of a subpoena: “the officer or employee should * * * bring with him the records and documents which are called for by the subpoena even though the Department takes the position that it is not necessary to produce them.
“If questioned, the officer or employee should state that the material is at hand and can be submitted to the court for determination as to its materiality to the case and whether in the best public interest the information should be disclosed ”.
The Freedom of Information Act itself follows this principle but elaborates in some detail the procedures and tests to be used by the court when a non-statutory privilege is asserted. In effect, the act forces governmental agencies to meet stringent standards when asserting this first area of governmental privilege, i.e. secrecy for the Government’s protection.

. Some few examples include the following: category (1) privacy: section 233 of the Agriculture and (Markets Law; category (2) prohibition against disclosure : chapter 274 of the Laws of 1946 (Emergency Housing Rent Control Law, § 9, as amd.); chapter 21 of the Laws of 1962 (Local Emergency Housing Rent Control Act, § 7, as amd.); category (3) section 64 of the Banking Law (employee welfare funds); section 560 of the Banking ,Law (premium finance agencies); section 536 of the Labor Law (unemployment insurance).

. In criminal cases the conflict may be irreconcilable and the government may refuse or cease prosecution where disclosure is required to afford a defendant his right to present his defense. This would appear to be an implicit recognition of the court’s power to dismiss an action for failure of a party to accede to the court’s direction to disclose.

. Information may on occasion fall in both areas. The determination in such instance is based on the criteria of both areas of protection. For example, information furnished by a respondent in a defense contract renegotiation proceeding may receive a category 1 (privacy) or category 2 (prohibition against agency disclosure) protection. If the information also involves national security information it would be subject to the Government’s own privilege as well and be tested for disclosure for the Government’s protection as well as the communicants.